UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CIVIL ACTION

VERSUS                                             NO. 08-1628

CURTIS JOHN CONEY, JR. ET AL.                      SECTION "C" (2)

## REPORT AND RECOMMENDATION

This is a civil action brought by the United States under the Internal Revenue Code to obtain a judgment for more than $3 million in allegedly unpaid federal income tax assessments against defendants Curtis J. Coney, Jr. and Barbara S. Coney. The Coneys were previously debtors in a Chapter 7 bankruptcy proceeding in the bankruptcy court in this district. "In Re: Curtis John Coney, Jr. and Barbara Susan Coney," Case No. 05-18985, United States Bankruptcy Court, Eastern District of Louisiana. Administration of the bankruptcy estate has been concluded and the bankruptcy case has been closed.

In the instant matter, the Coneys filed a Motion to Refer Action to Bankruptcy Court. Record Doc. No. 12. The United States filed a timely opposition. Record Doc. No. 21. The motion was referred to me by the presiding district judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Record Doc. No. 22. Having considered the record, the applicable law and the written submissions of counsel, **IT IS RECOMMENDED** that the motion be DENIED.

## ANALYSIS

Defendants' motion mischaracterizes the instant case as an action by the United States "to set aside the discharge in regard to Defendants' tax obligations." Record Doc. No. 12, Defendants' Motion to Refer, at ¶ 1. Based on this erroneous characterization of the action filed by the United States, the Coneys argue that, because dischargeability of a debt is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I), the bankruptcy court has jurisdiction to hear this case, and this court should refer the matter to the bankruptcy court. Defendants' argument is flawed because (1) there is no bankruptcy estate currently being administered, and (2) the bankruptcy case is now closed. At this point in time, therefore, the bankruptcy court lacks jurisdiction over this matter and referral of this case to the bankruptcy court is unwarranted.

The bankruptcy court is a unit of the district court. 28 U.S.C. § 151. "Bankruptcy courts are courts of limited jurisdiction, with their scope defined by statute." In re Majestic Energy Corp. 835 F.2d 87,89 (5th Cir. 1988); In re Paso Del Norte Oil Co., 755 F.2d 421, 423-24 (5th Cir. 1985). The limits of the jurisdiction of the bankruptcy court are established in 28 U.S.C. §§ 1334 and 157. "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

However, as to the specific power of this unit of the district court, 28 U.S.C. § 157 provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, . . . .

28 U.S.C. § 157(a), (b)(1). "Core proceedings include, but are not limited to – . . . (I) determinations as to the dischargeability of particular debts; . . . ." Id. § 157(b)(2)(I).

Thus, the threshold issue raised by defendants' motion is whether the bankruptcy court has jurisdiction (that is, any power or authority over this case) within the meaning of the foregoing statutes. The question of whether a particular matter constitutes a "core" proceeding or a "non-core" proceeding is a secondary issue, to be examined only after the bankruptcy court's jurisdiction is established. This secondary issue relates only to the extent to which a bankruptcy judge may exercise the limited jurisdiction of the court in which he or she sits. In re Majestic Energy Corp. 835 F.2d at 89-90; In re Wood, 825 F.2d 90, 91 (5th Cir. 1987). A bankruptcy judge has full judicial power over a core proceeding, but only limited judicial power over a non-core proceeding. Id. at 92.

By the clear terms of the jurisdictional statutes, the bankruptcy court's jurisdiction arises in three circumstances involving "any or all proceedings" (1) "arising under title 11 [the Bankruptcy Code]," (2) "arising in" a case brought under Title 11, or (3)

"related to" a case under Title 11. It is undisputed that the instant case, which is based upon the Internal Revenue Code, does not arise under Title 11 and does not arise "in a case brought under Title 11," since the instant case is not brought under Title 11 and the Coney bankruptcy case brought under Title 11 is closed. Thus, the only possible basis for bankruptcy court jurisdiction depends upon whether the case is "related to" the Coney bankruptcy case.

> As to "related to" jurisdiction, the Fifth Circuit has stated:
>
> The [Bankruptcy] Act does not define "related" matters. Courts have articulated various definitions of "related," but the definition of the Court of Appeals for the Third Circuit appears to have the most support: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . We adopt it as our own.

In re Wood, 825 F.2d at 93 (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original).

In the instant case, there is no bankruptcy estate. The Coney bankruptcy case is closed, and the administration of the affairs of the estate has been finalized, so that there is no "estate being administered in bankruptcy." A bankruptcy estate is a legal entity separate and apart from the debtors. See United States v. Mitchell, 476 F.3d 539, 544 (8th Cir. 2007) (citing 11 U.S.C. § 541(a)(1)) ("The filing of a bankruptcy petition creates a new legal entity: the bankruptcy estate."); Ad-X Int'l, Inc. v. Kolbjornsen, 97 Fed. Appx. 263, 2004 WL 887354, at *2 (10th Cir. 2004) (citations and quotation

omitted) ("[T]he debtor and the bankruptcy estate are distinct entities in an individual's bankruptcy proceeding. Indeed, the creation of the estate as a formal entity in its own right is the immediate consequence of filing a bankruptcy case."). While the outcome of the instant case may have an effect on the individuals who were formerly debtors in the bankruptcy matter, it will have no conceivable effect on the currently nonexistent bankruptcy estate. See In re Cambio, 353 B.R. 30, 34-35 (1st Cir. BAP 2004) (bankruptcy court lacked jurisdiction to enter money judgment in Chapter 7 nondischargeability proceeding when there was no estate property available for distribution to creditors).

At the end of their bankruptcy proceeding, the Coneys were granted a discharge under 11 U.S.C. § 727. Such a discharge "does not discharge an individual debtor from any debt . . . for a tax . . . with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax law." 11 U.S.C. § 523(a)(1)(C). The alleged discharge of the tax assessments that the United States seeks to reduce to judgment in the instant case has been asserted by defendants as an affirmative defense. I have been cited to no authority and my research has uncovered only one case that might arguably support the proposition that assertion of an affirmative defense in an action such as this one may serve as the basis for bankruptcy jurisdiction.

At least one bankruptcy judge has apparently ruled that the mere assertion of discharge in bankruptcy as an affirmative defense empowers that court to exercise jurisdiction. In re Torres, 117 B.R. 379, 381 (Bankr. N.D. Ill. 1990). However, the Torres opinion is unclear whether a bankruptcy estate continued to be administered in that case. In my view, this decision is erroneous and does not accord with Fifth Circuit bankruptcy jurisdiction law. If the Coneys' argument were accepted, it would mean that the bankruptcy court has jurisdiction to determine any case every time discharge in bankruptcy is asserted as a defense. This would eliminate the entire "related to" requirement established by the Fifth Circuit jurisdictional case law. If an affirmative defense of discharge in bankruptcy, asserted as required by Fed. R. Civ. P. 8, made every case in which it is asserted subject to the jurisdiction of the bankruptcy court, regardless of whether a bankruptcy estate exists, it would expand the breadth of bankruptcy jurisdiction beyond the limits recognized by the Fifth Circuit.

Once upon a time, back when the Coney bankruptcy proceeding was pending and a bankruptcy estate requiring administration existed, the bankruptcy court would have had jurisdiction to determine the dischargeability of the tax assessments sued upon in the instant action. Either party could have accomplished resolution of the dischargeability issue in the bankruptcy court – while the bankruptcy estate was still being administered – by pursuing the remedies available under 11 U.S.C. §§ 505(a) or 523. The bankruptcy

court's jurisdiction being thereby established, such actions would have been core proceedings, in which the bankruptcy judge would have been able to exercise full judicial power.

At this time, however, when there is no bankruptcy estate being administered and the bankruptcy case is closed, it is my view that the bankruptcy court lacks jurisdiction. Even if defendants' argument were accepted or the ruling in Torres applied to support referral in this case, the bankruptcy court's jurisdiction would be questionable for all of the reasons asserted in plaintiff's memorandum in opposition to this motion, and lack of subject matter jurisdiction would become an issue lending uncertainty to all future proceedings in this matter. The judgments of a court lacking subject matter jurisdiction are void and may be set aside at any time by any reviewing court, even on appeal. See Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) ("We are 'duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal.' Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004) (reversed on jurisdictional challenge not raised until appellate reply brief)").

On the other hand, the power of this district court to adjudicate the affirmative defense of discharge in bankruptcy asserted by defendants as part of resolution of this case as a whole is unquestioned. Under these circumstances, there is no good reason to refer this matter to the bankruptcy court, whose jurisdiction is at best uncertain, when the

issue can be more efficiently resolved in this court, without the uncertainties and delays that would result from referral to a court whose jurisdiction is, at best, doubtful.

### **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendants' Motion to Refer Action to Bankruptcy Court, Record Doc. No. 12, be DENIED.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __12th__ day of November, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE